**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUMIO HOLDINGS, INC.,<br><br>　　　　　　　　Debtor.<br><br>Federal EIN: 87-3547119 | Chapter 11<br><br>Case No. 24-11916 (___) |
| In re:<br><br>LUMIO HX, INC.,<br><br>　　　　　　　　Debtor.<br><br>Federal EIN: 87-3547401 | Chapter 11<br><br>Case No. 24-11917 (___) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING**
**JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (the "Debtors") respectfully move (the "Motion") as follows:

**RELIEF REQUESTED**

1. The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, directing joint administration of these chapter 11 cases (these "Chapter 11 Cases") for procedural purposes only.

2. The Debtors also request that (a) the United States Bankruptcy Court for the District of Delaware (the "Court") maintain one file and one docket for the jointly-administered Chapter 11 Cases under the case number assigned to *In re Lumio Holdings, Inc.* and (b) these Chapter 11 Cases be administered under a consolidated caption, substantially as follows:

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LUMIO HOLDINGS, INC., *et al.*, | Case No. 24-11916 (___) |
| Debtors.¹ | (Jointly Administered) |

---

¹ The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, are Lumio Holdings, Inc. (7119) and Lumio HX, Inc. (7401). The Debtors' headquarters is located at 1550 W Digital Drive, Suite 200, Lehi, UT 84043.

3. The Debtors request that the Court find the proposed caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code.

4. The Debtors also request that an entry be made on the docket of *In re Lumio HX, Inc.* to reflect the joint administration of these cases, substantially as follows:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of the following entities: Lumio Holdings, Inc. and Lumio HX, Inc. The Debtors' mailing address is 1550 W Digital Drive, Suite 200, Lehi, UT 84043. **The docket in the chapter 11 case of *Lumio Holdings, Inc.*, Case No. 24-11916 (__), should be consulted for all matters affecting these Chapter 11 Cases.**

### JURISDICTION AND VENUE

5. The Court has jurisdiction over these Chapter 11 Cases and this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order with respect to this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7.  The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 1005 and 1015, and Local Rule 1015-1.

## BACKGROUND

8.  On September 3, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors continue to manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee has been appointed in these cases.

9.  The Debtors are the largest privately held residential solar provider that is fully vertically integrated with a full suite of photovoltaic solar system sales, installation and operations. Lumio's fully integrated model allows them to control every interaction with their customers to ensure superior service.

10. Additional detail regarding the Debtors, their business, the events leading to the commencement of these cases, and the facts and circumstances supporting the relief requested herein is set forth in the *Declaration of Jeffrey T. Varsalone in Support of Chapter 11 Petitions and First Day Relief* (the "First Day Declaration"), filed concurrently herewith and incorporated herein by reference.

## BASIS FOR RELIEF REQUESTED

11. Section 105(a) of the Bankruptcy Code authorizes this Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

11 U.S.C. § 105(a). Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).

12. Section 101(2) of the Bankruptcy Code, defines the term "affiliate," in pertinent part, as:

> (A) an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .
>
> (B) a corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .
>
> (C) a person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
> (D) an entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11 U.S.C. § 101(2).

13. Additionally, Local Rule 1015-1 provides that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted and will ease the administrative burden for the Court and the parties.

14. As set forth in the First Day Declaration, Debtor Lumio HX, Inc. is 100% owned by Debtor Lumio Holdings, Inc. As such, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.

15. In addition, entry of an order directing joint administration of the Debtors' chapter 11 cases will avoid duplicative notices, applications and orders, thereby saving the Debtors

4

and parties in interest considerable time and expense, as well as ease the administrative burden on the Court and the parties. The rights of creditors will not be adversely affected because this Motion requests only administrative consolidation of these Chapter 11 Cases. By aggregating all papers related to the Debtors under the same case caption and docket, creditors and parties in interest will be able to access and review relevant information concerning the Debtors in one place, and will thereby be better able to keep apprised of the matters before this Court.

16. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate and in the best interests of their estates and creditors, and should be granted.

## **NOTICE**

17. Notice of this Motion will be provided to: (a) the Office of the United States Trustee (Attn: Joseph Cudia, Esq. (joseph.cudia@usdoj.gov) and Fang Bu, Esq. (fang.bu@usdoj.gov)); (b) counsel to the Debtors' proposed debtor in possession financing lender; (c) the Internal Revenue Service; (d) the parties included on the Debtors' consolidated list of their 30 largest unsecured creditors; (e) the United States Attorney for the District of Delaware; (f) the state attorneys general in states where the Debtors are authorized to do business; (g) the Securities and Exchange Commission; and (h) all parties entitled to notice pursuant to Bankruptcy Rule 2002-1. As this Motion is seeking first-day relief, the Debtors will serve copies of this Motion and any order entered in respect of this Motion as required by Local Rule 9013-1(m). The Debtors respectfully submit that no further notice of this Motion is required under the circumstances.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

| | |
|---|---|
| Dated: September 3, 2024<br>Wilmington, Delaware | Respectfully submitted,<br><br>**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Robert J. Dehney, Sr.*<br>Robert J. Dehney, Sr. (No. 3578)<br>Matthew B. Harvey (No. 5186)<br>Matthew O. Talmo (No. 6333)<br>Scott D. Jones (No. 6672)<br>Erin L. Williamson (No. 7286)<br>1201 N. Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>Telephone: (302) 658-9200<br>Facsimile:  (302) 658-3989<br>Email:  rdehney@morrisnichols.com<br>          mharvey@morrisnichols.com<br>          mtalmo@morrisnichols.com<br>          sjones@morrisnichols.com<br>          ewilliamson@morrisnichols.com<br><br>*Proposed Counsel to the Debtors and*<br>*Debtors in Possession* |