**Exhibit A**

**Proposed Interim Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LUMIO HOLDINGS, INC., *et al.*,[1] | Case No. 24-11916 (___) |
| Debtors. | (Jointly Administered) |

**INTERIM ORDER (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR DISCONTINUING UTILITY SERVICES, (II) APPROVING PROPOSED ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS AND AUTHORIZING DEBTORS TO PROVIDE ADDITIONAL ASSURANCE, (III) ESTABLISHING PROCEDURES TO RESOLVE REQUESTS FOR ADDITIONAL ASSURANCE AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order") and final order pursuant to sections 105(a), 363 and 366 of the Bankruptcy Code, Bankruptcy Rules 6003(b) and 6004, and Local Rule 9013-1(m): (i) prohibiting Utility Providers from altering, refusing, or discontinuing services or discriminating against the Debtors solely on the basis of the commencement of this case or that the Debtors did not pay a debt when due prepetition; (ii) determining that adequate assurance of payment for postpetition utility services has been furnished to the Utility Providers providing services to the Debtors and authorizing the Debtors to provide additional adequate assurance of payment to the Utility Providers; (iii) establishing procedures for resolving requests by any Utility Provider for additional adequate assurance of payment; and (iv) granting related relief, all as more fully described in the Motion; and upon consideration of the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, are Lumio Holdings, Inc. (7119) and Lumio HX, Inc. (7401). The Debtors' headquarters is located at 1550 W Digital Drive, Suite 200, Lehi, UT 84043.

[2] Capitalized terms used but not defined herein are defined in the Motion.

First Day Declaration; and due and sufficient notice of the Motion having been given under the circumstances; and this Court having found that (i) this Court has jurisdiction to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), and (iv) venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided under the circumstances; and it appearing that the relief requested by this Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on **[            ], 2024, at [            ] (ET)**. Any objections or responses to entry of a final order on the Motion (each, an "Objection") shall be filed on or before **4:00 p.m. (ET) on [            ], 2024,** and served on the following parties: (i) proposed counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 Market Street, 16th Floor, Wilmington, Delaware 19801 (Attn: Robert J. Dehney, Sr., Esq. (rdehney@morrisnichols.com), Matthew B. Harvey, Esq. (mharvey@morrisnichols.com), and Matthew O. Talmo, Esq. (mtalmo@morrisnichols.com)); (ii) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King St., Lockbox 35, Wilmington, DE 19801 (Attn: Joseph Cudia, Esq. (joseph.cudia@usdoj.gov) and Fang Bu, Esq. (fang.bu@usdoj.gov)); (iii) counsel to the proposed debtor in possession financing lender,

(a) Davis Polk & Wardell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Darren S. Klein, Esq. (darren.klein@davispolk.com) and Joanna McDonald, Esq. (joanna.mcdonald@davispolk.com) and (b) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: Amanda R. Steele (steele@rlf.com), Mark D. Collins (collins@rlf.com) and James F. McCauley (mccauley@rlf.com); and (iv) counsel to any statutory committee appointed in these Chapter 11 Cases. In the event no Objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Utility Providers are prohibited from altering, refusing, or discontinuing service on account of the commencement of these Chapter 11 Cases and/or any unpaid prepetition charges and are deemed to have received adequate assurance of payment in accordance with section 366 of the Bankruptcy Code.

4. The Debtors shall, within twenty (20) days of the Petition Date, furnish Utility Providers with adequate assurance of payment for postpetition services by establishing the Adequate Assurance Deposit in the amount of $8,503 and depositing such amount in the Utility Deposit Account. The Adequate Assurance Deposit may be adjusted by the Debtors by: (i) reducing the amount held in the Utility Deposit Account to account for the payment and termination of Utility Services by the Debtors for any given account; (ii) modifying the amount held in the Utility Deposit Account on the basis of agreements reached with Utility Providers regarding Additional Assurance Requests, including, to the extent any Utility Provider receives any other value from the Debtors as adequate assurance of payment, reducing the Adequate Assurance Deposit maintained in the Utility Deposit Account on account of such Utility Provider

by the amount of such other value; and (iii) adding additional amounts in the event that the Debtors amend the Utility Providers List to add one or more additional Utility Providers.

5. The obligation to maintain the Utility Deposit Account shall terminate upon the earlier of: (i) the sale of all or substantially all of the Debtors' assets; (ii) the effective date of a chapter 11 plan; or (iii) the date these cases are dismissed or converted to chapter 7 of the Bankruptcy Code.

6. The following Additional Assurance Procedures are hereby approved in their entirety on an interim basis:

(a) Absent compliance with the Additional Assurance Procedures, no Utility Provider may alter, refuse or discontinue service to or otherwise discriminate against the Debtors on account of the commencement of these Chapter 11 Cases or any unpaid prepetition charges, or request payment of a deposit or receipt of other security in connection with any unpaid prepetition charges.

(b) The Debtors will serve copies of the Motion and the interim order via first-class mail, within three (3) business days after the date that the interim order is entered by the Court on all Utility Providers identified on the Utility Providers List. In the event that any Utility Provider has been omitted from the Utility Providers List, the Debtors will supplement the Utility Providers List and promptly serve copies of the Motion and the interim order on such Utility Provider upon learning of such omission.

(c) The Debtors will deposit the Adequate Assurance Deposit into the Utility Deposit Account within twenty (20) days of the Petition Date. In the event of a postpetition default and payment, each Utility Provider shall be entitled to the funds in the Utility Deposit Account in the amount set forth for such Utility Provider in the column labeled "Adequate Assurance Deposit" on the Utility Providers List.

(d) Any Utility Provider desiring Additional Assurance must serve a written request (an "Additional Assurance Request") on: (i) the Debtors, Lumio Holdings, Inc., 1550 W Digital Drive, Suite 200, Lehi, UT 84043, Attn: Jeffrey T. Varsalone (jvarsalone@vrsrestructuring.com); (ii) proposed counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, Delaware, 19801, Attn: Robert J. Dehney, Sr., Esq. (rdehney@morrisnichols.com), Matthew B. Harvey, Esq. (mharvey@morrisnichols.com) and Matthew O. Talmo, Esq. (mtalmo@morrisnichols.com); (iii) counsel to the proposed debtor in possession financing lender, (a) Davis Polk & Wardell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Darren S. Klein, Esq.

(darren.klein@davispolk.com) and Joanna McDonald, Esq. (joanna.mcdonald@davispolk.com) and (b) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: Amanda R. Steele (steele@rlf.com), Mark D. Collins (collins@rlf.com) and James F. McCauley (mccauley@rlf.com); (iv) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King St., Lockbox 35, Wilmington, DE 19801 (Attn: Joseph Cudia, Esq. (joseph.cudia@usdoj.gov) and Fang Bu, Esq. (fang.bu@usdoj.gov)); and (v) any statutory committee appointed in these Chapter 11 Cases (the "Notice Parties").

(e) Any Additional Assurance Request must: (i) be made in writing; (ii) set forth the type of Utility Service(s) provided and the applicable account number(s); (iii) include a summary of the Debtors' payment history relevant to each affected account, including any security deposits; and (iv) include a proposal for what the Utility Provider believes would constitute adequate assurance from the Debtors, along with an explanation as to why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of postpetition payment in light of the circumstances.

(f) Upon the Debtors' receipt of an Additional Assurance Request at the addresses set forth above, the Debtors shall have until (i) the greater of fourteen (14) days from receipt of the request or thirty (30) days from the Petition Date or (ii) such other date as the parties mutually agree (the "Resolution Period") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

(g) The Debtors may, in their discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Provider with Additional Assurance in the form of, but not limited to, cash deposits, prepayments and/or other forms of security, without further order of this Court if the Debtors and the Utility Provider believe such Additional Assurance is reasonable. To the extent any Utility Provider receives any other value from the Debtors as adequate assurance of payment, the Debtors may reduce the Adequate Assurance Deposit maintained in the Utility Deposit Account on account of such Utility Provider by the amount of such other value upon notice to the Utility Provider.

(h) If the Debtors determine that an Additional Assurance Request is not reasonable and/or it is not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors will schedule a hearing (the "Determination Hearing") before this Court on the next scheduled omnibus hearing date or as otherwise agreed by the parties or ordered by the Court to determine the adequacy of assurances of payment with respect to that Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code.

(i) During any Resolution Period, and, if applicable, pending the outcome by final order of any Determination Hearing, the relevant Utility Provider shall be restrained from discontinuing, altering or refusing service to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) a pending Additional Assurance Request; (iii) any objections filed in response to the Proposed Adequate Assurance or to the Additional Assurance Procedures; or (iv) the commencement of these Chapter 11 Cases.

(j) Unless and until an order of the Court is entered requiring further assurance of payment, each Utility Provider shall be deemed to have adequate assurance of payment based on the establishment of the Proposed Adequate Assurance.

7. Any Utility Provider seeking additional Adequate Assurance must comply with the Additional Assurance Procedures, which shall be the exclusive procedures by which such Utility Provider may receive additional Adequate Assurance.

8. The Debtors are authorized, in their sole discretion, to amend the Utility Providers List to add or delete any Utility Provider, and this Interim Order shall apply to any Utility Provider that is subsequently added to the Utility Service List.  Any such amended Utility Service List shall be filed with the Court and served with this Interim Order.

9. The inclusion of any entity in, or the omission of any entity from, the Utility Providers List shall not be deemed an admission by the Debtors that such entity is or is not a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors' rights and defenses with respect thereto are reserved and preserved.

10. Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise

affect the rights of the Debtors and their estates with respect to any and all claims or causes of action; or (iv) shall be construed as a promise to pay a claim.

11. Nothing in this Interim Order or the Motion is intended or shall be construed to grant relief from the automatic stay pursuant to section 362 of the Bankruptcy Code.

12. Notwithstanding the relief granted in this Interim Order, any payment made or to be made by, or other action taken by, the Debtors pursuant to the authority granted herein shall be subject to and in compliance with each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of an Order (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Term Loan Secured parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing and (V) Granting Related Relief*, filed contemporaneously herewith (collectively, such interim and final orders, the "DIP Orders"). Nothing herein is intended to modify, alter or waive, in any way, any terms, provisions, requirements or restrictions of the DIP Orders. To the extent there is any inconsistency between the terms of the DIP Orders and the terms of this Interim Order or any action taken or proposed to be taken hereunder, the terms of the DIP Orders shall control.

13. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

14. The requirements of Bankruptcy Rule 6003(b) have been satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

15. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

16.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.