## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LUMIO HOLDINGS, INC., *et al.,*[1] | Case No. 24-11916 (___) |
| Debtors. | (Joint Administration Requested) |

**MOTION OF THE DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I)(A) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO CONTINUE THEIR INSURANCE PROGRAMS, (B) PAY ALL PREPETITION AND POSTPETITION OBLIGATIONS WITH RESPECT THERETO, (C) CONTINUE TO PAY BROKERAGE FEES, AND (D) RENEW, SUPPLEMENT, MODIFY, OR PURCHASE INSURANCE COVERAGE, AND PAY PREMIUMS THEREUNDER, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (the "Motion"):

### RELIEF REQUESTED

1.    The Debtors seek entry of interim and final orders, substantially in the form attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final Order"): (a) authorizing, but not directing, the Debtors to (i) continue their Insurance Program (as defined below), (ii) pay all prepetition and postpetition obligations with respect thereto (the "Insurance Obligations"), (iii) continue to pay certain Brokerage Fees (as defined below), and (iv) renew, supplement, modify, or purchase insurance coverage in the ordinary course; and (b) granting related relief.  In addition, the Debtors request that the Court schedule a final hearing to consider approval of this motion on a final basis.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, are Lumio Holdings, Inc. (7119) and Lumio HX, Inc. (7401).  The Debtors' headquarters is located at 1550 W Digital Drive, Suite 200, Lehi, UT 84043.

**JURISDICTION AND VENUE**

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these chapter 11 cases (these "Chapter 11 Cases") and this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these cases and the Motion is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order with respect to this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.      The statutory bases for the relief requested herein are sections 105(a), 363(c), 1107, and 1108 of Title 11 of the United States Code (the "Bankruptcy Code"), rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

5.      On September 3, 2024 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court.  The Debtors continue to manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or official committee has been appointed in these cases.

6.      The Debtors are the largest privately held residential solar provider that is fully vertically integrated with a full suite of photovoltaic solar system sales, installation and

operations.  The Debtors' fully integrated model allows them to control every interaction with their customers to ensure superior service.

7.      Additional detail regarding the Debtors, their business, the events leading to the commencement of these Chapter 11 Cases, and the facts and circumstances supporting the relief requested herein is set forth in the *Declaration of Jeffery T. Varsalone in Support of Chapter 11 Petitions and First Day Relief* (the "<u>First Day Declaration</u>"), filed concurrently herewith and incorporated herein by reference.

## THE DEBTORS' INSURANCE POLICIES

8.      As of the Petition Date, the Debtors' insurance program (the "<u>Insurance Program</u>") is comprised of approximately fourteen (14) insurance policies (each, an "<u>Insurance Policy</u>" and, collectively, the "<u>Insurance Policies</u>") that are administered by multiple third-party insurance carriers (the "<u>Insurers</u>").  The Insurance Policies provide coverage for, among other things, installation floater, motor cargo, property, general liability, professional liability, environmental, workers' compensation,[2] automobile liability, cyber liability, director and officer liability, fiduciary liability, employment practices liability, crime coverage and excess liability.  A schedule of the Insurance Policies is attached hereto as **Exhibit C**.[3]

---

[2]     The Debtors' obligations under their workers' compensation policies is addressed in the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing, But Not Directing, the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses and (B) Maintain Employee Benefits Programs and (II) Granting Related Relief.* By this Motion, the Debtors do not seek any relief with respect to their workers' compensation insurance.

[3]     Although **Exhibit C** is intended to be comprehensive, the Debtors may have inadvertently omitted one or more Insurance Policies.  The Debtors request that any relief granted in connection with this Motion apply to all of their Insurance Policies (except for their workers' compensation insurance policy), regardless of whether such Insurance Policy is listed on **Exhibit C**.

9.       The majority of the Debtors' Insurance Policies have annual premiums which have been paid in full.  Four (4) of the Insurance Policies are paid in monthly installments. As of the Petition Date, no payments are outstanding and all premiums have been paid.[4]

10.       The Debtors' ability to maintain the Insurance Policies, to renew, supplement, and modify the same as needed, and to enter into new insurance policies is needed in the ordinary course of business and essential to preserving the value of the Debtors' estates. Further, maintenance of the Insurance Policies is required under the *Operating Guidelines for Chapter 11 Cases* (the "Operating Guidelines") promulgated by the Office of the United States Trustee for Region 3 (the "U.S. Trustee"), the laws of the various states in which the Debtors operate, applicable federal law, and certain of the Debtors' contracts and leases.  Thus, the Debtors submit that they should be authorized, but not directed, to continue to pay premiums, claims, deductibles, taxes, charges, fees, and other obligations owed under or with respect to the Insurance Policies as such obligations come due in the ordinary course of the Debtors' business, whether arising prior to or after the Petition Date.

## **BROKERAGE FEES**

11.       In connection with the Insurance Policies, the Debtors obtain insurance brokerage services from IMA, Inc. (the "Broker").  The Broker is essential to the Debtors' ability to secure insurance coverage, as it structures and manages the Insurance Policies in a reasonable and prudent manner and enable, the Debtors to realize considerable savings in the procurement such insurance policies.  The Broker assists the Debtors in obtaining comprehensive insurance coverage for the Debtors' operations by evaluating benefit plan offerings, assisting the Debtors

---

[4]     The Debtors have a letter of credit securing their obligations under the workers' compensation and automobile liability policies with Hartford Financial Services Group (the "LC").  The LC is in the amount of $3,357,732.

with the procurement and negotiation of the Insurance Policies, and enabling the Debtors to obtain those policies on advantageous terms at competitive rates. Additionally, many Insurers will not provide coverage to the Debtors without the Broker's services. In connection with these services, the Debtors pay brokerage fees (collectively, the "Brokerage Fees") that are embedded in the premiums paid for the Insurance Policies. As of the Petition Date, the Debtors do not have any amounts outstanding on account of Brokerage Fees.

12. The Debtors seek Court authority to continue to employ the Broker in the ordinary course of business, to enter into new brokerage contracts, and to pay Brokerage Fees as necessary in connection with procurement and maintenance of the Insurance Policies.

## BASIS FOR RELIEF

I.   **Continuation of the Insurance Policies and Payment of the Brokerage Fees Is Necessary to Comply with the Operating Guidelines and Applicable Law.**

13. Maintenance of the Debtors' insurance coverage is required under the Operating Guidelines, the laws of the various states in which the Debtors operate and applicable federal law. *See, e.g*., Operating Guidelines ¶ 3. Given these requirements, the Debtors submit that the continuation of the Insurance Program—through payment of the Insurance Obligations, and the renewal, revision, extension, supplementation, modification, or entry into new insurance coverage, as needed in the Debtors' business judgment and as set forth in this Motion without further order of the Court—is necessary and essential to the Debtors' operation of their business during these Chapter 11 Cases. In addition, the Debtors are required to maintain insurance under many of their agreements, including leases and customer contracts, which cannot be done without the Debtors' ability to continue to employ the Broker, to enter into new brokerage contracts, and to pay Brokerage Fees. Many of the Insurers will not continue to provide coverage to the Debtors or allow renewal of the Insurance Policies without broker involvement. Because such agreements

are critical to the operation of the Debtors' business, the Debtors' inability to continue their insurance coverage would adversely affect the Debtors' ability to maximize value for the benefit of all stakeholders.

## II.     Payment of the Insurance Obligations Is Authorized Under Sections 1107(a) and 1108 of the Bankruptcy Code.

14.    Payment of the Insurance Obligations is also authorized under sections 1107 and 1108 of the Bankruptcy Code.  The Debtors are operating their business as debtors in possession under Bankruptcy Code sections 1107(a) and as fiduciaries for their estates under Section1108.  *See In re Marvel Entm't Grp., Inc.*, 140 F.3d 463, 474 (3d Cir. 1998) (citation omitted); *In re CoServ, LLC*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).  Implicit in the duties of a chapter 11 debtor in possession is the duty "to protect and preserve the estate, including an operating business's going-concern value."  *Id*. at 497.

15.    Payment of the Insurance Obligations and the renewal, revision, extension, supplementation, modification, or entry into new insurance policies, as needed in the Debtors' business judgment and as set forth in this Motion, will protect the Debtors' ongoing operations through the sale process.  As fiduciaries for the bankruptcy estates, the Debtors risk violating their duties if they jeopardize the coverage provided under the Insurance Program to the detriment of their estates and stakeholders.  Non-payment of the Insurance Obligations could result in cancellation of the Insurance Program, and the Debtors may be unable to find alternative insurance coverage, or find such alternatives only at a much higher cost than the Debtors currently incur.  Therefore, the relief requested in this Motion is essential to satisfy the Debtors' fiduciary obligations.

**III.     Continuing the Insurance Program and Paying All Associated Undisputed Obligations Is Necessary to Preserve the Value of the Debtors' Estates.**

16.     Maintaining the Insurance Program is also permitted under sections 363(c) and 105 of the Bankruptcy Code.  Section 363(c) of the Bankruptcy Code authorizes a debtor to "enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing." 11 U.S.C. § 363(c)(1).  The purpose of section 363(c) is to provide a debtor in possession with the flexibility to engage in ordinary transactions required to operate its business, without unneeded oversight by its creditors or the court.  *See In re Roth Am., Inc.,* 975 F.2d 949, 952 (3d Cir. 1992) ("Section 363 is designed to strike [a] balance, allowing a business to continue its daily operations without excessive court or creditor oversight and protecting secured creditors and others from dissipation of the estate's assets.") (citation omitted); *Med. Malpractice Ins. Ass'n v. Hirsch* (*In re Lavigne*), 114 F.3d 379, 384 (2d Cir. 1997) (same). Maintaining their existing Insurance Program would be in the ordinary course of business because (a) such programs are commonplace and routine in the Debtors' industry and (b) the Debtors have regularly paid premiums or made payments to maintain such programs.  Accordingly, the Debtors believe that maintaining the Insurance Program postpetition is authorized by section 363(c) of the Bankruptcy Code and does not require notice and a hearing.  Nonetheless, the Debtors seek authorization to continue to maintain the Insurance Program out of an abundance of caution.

17.     Section 105(a) of the Bankruptcy Code further provides that a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code pursuant to the "doctrine of necessity."  11 U.S.C. § 105(a).  The "doctrine of necessity" functions in a chapter 11 case as a mechanism by which the bankruptcy court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code and further supports the relief requested herein.  *See In re*

7

*Lehigh & New Eng. Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that a court may authorize payment of prepetition claims if essential to the debtor's continued operation); *see also In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (D. Del. 1999) (holding that section 105(a) of the Bankruptcy Code "provides a statutory basis for payment of prepetition claims" under the doctrine of necessity); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191–92 (Bankr. D. Del. 1994) (explaining that the doctrine of necessity is the standard in the Third Circuit for enabling a court to authorize the payment of prepetition claims prior to confirmation of a chapter 11 plan).

18.     Paying obligations under the Insurance Policies and Brokerage Fees is warranted under section 363(c) and the doctrine of necessity. The "doctrine of necessity" functions in a chapter 11 case as a mechanism by which the bankruptcy court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code. *See Lehigh*, 657 F.2d at 581 (holding that the court may authorize payment of prepetition claims if such payment was essential to continued operation of the debtor); *In re Boston & Me. Corp.*, 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing existence of judicial power to authorize trustees to pay claims for goods and services that are indispensably necessary to debtors' continued operation). This doctrine is frequently invoked early in a chapter 11 case, particularly in connection with the payment of prepetition claims. The rationale for the doctrine of necessity rule is consistent with the paramount goal of chapter 11: "facilitating the continued operation and rehabilitation of the debtor." *Ionosphere Clubs*, 98 B.R. at 176; *see also In re Friedman's Inc.*, No. 09-10161 CSS, 2011 WL 5975283, at *3 (Bankr. D. Del. Nov. 30, 2011) ("[N]ormally, a debtor only pays pre-petition, unsecured claims through a confirmed plan of reorganization . . . most courts will allow such payments under the 'doctrine of necessity,' if the debtor establishes that in its business judgment making such payments is critical to the survival of the debtor's

8

business.").   Accordingly, pursuant to section 105(a) of the Bankruptcy Code, the Court is empowered to grant the relief requested in this Motion.

19.   Indeed, courts in this district have granted relief similar to the relief requested herein under sections 105(a) and 363(c) of the Bankruptcy Code. *See, e.g., In re Sientra, Inc.*, No. 24-10245 (JTD) (Bankr. D. Del. Mar. 11, 2024) (authorizing debtors to pay prepetition insurance policy premiums, enter into new insurance policies in the ordinary course, honor their prepetition insurance financing agreements, enter into new premium financing agreements in the ordinary course, honor their prepetition surety bonds, and enter into new surety bond agreements in the ordinary course); *In re Mallinckrodt PLC.*, No. 23-11258 (JTD) (Bankr. D. Del. Sept. 15, 2023) (same); *In re Mitchell Gold Co., LLC, et al*., No. 23-11385 (Bankr. D. Del. Sept. 14, 2023) (same); *In re Yellow Corp., et al.,* No. 23-11069 (Bankr. D. Del. Sept. 13, 2023) (same); *In re MD Helicopters, Inc.*, No. 22-10263 (KBO) (Bankr. D. Del. Apr. 20, 2022) (same).

**THE REQUIREMENTS OF RULE 6003 ARE SATISFIED**

20.   Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one (21) days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."  For the reasons discussed above, authorizing the Debtors to continue insurance coverage and granting the other relief requested herein is integral to the Debtors' ability to transition their operations into these Chapter 11 Cases.  Failure to receive such authorization and other relief during the first twenty-one (21) days of these Chapter 11 Cases would severely disrupt the Debtors' ability to administer their estates at this critical juncture.  For the reasons discussed herein, the relief requested is necessary in order for the Debtors to preserve and maximize the value of the Debtors estates for the benefit of all stakeholders.  Accordingly, the

Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

## **RESERVATION OF RIGHTS**

21.     Nothing contained herein is intended or shall be construed as (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission to the validity, priority, enforceability, or perfection of any lien on, security interest in, or encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the interim order or final order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)**

22.     For the successful implementation of the foregoing, the Debtors seek a waiver of the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).  As set forth above, and in the First Day Declaration, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors.  Specifically, the Insurance Program is essential to prevent potentially irreparable damage to the Debtors' Chapter 11 Cases and ability to preserve, generate, and recover value for the benefit of their estates.

Accordingly, ample cause exists to justify the waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

## **NOTICE**

23.     The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee (Attn: Joseph Cudia, Esq. (joseph.cudia@usdoj.gov) and Fang Bu, Esq. (fang.bu@usdoj.gov)); (b) counsel to the Debtors' proposed debtor in possession financing lender; (c) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the state attorneys general for all states in which the Debtors conduct business or have conducted business; (h) the Insurers; and (i) any party that requests service pursuant to Bankruptcy Rule 2002.  As the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page left intentionally blank]*

## CONCLUSION

WHEREFORE, the Debtors respectfully requests that the Court (i) enter an interim order, substantially in the form attached hereto as **Exhibit A** granting the relief requested in this Motion, (ii) schedule a final hearing on this Motion and thereafter enter a final order substantially in the form attached hereto as **Exhibit B**, and (iii) grant such other and further relief as the Court may deem proper.

Dated: September 3, 2024       Respectfully submitted,
       Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Robert J. Dehney, Sr.*
Robert J. Dehney, Sr. (No. 3578)
Matthew B. Harvey (No. 5186)
Matthew O. Talmo (No. 6333)
Scott D. Jones (No. 6672)
Erin L. Williamson (No. 7286)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile:  (302) 658-3989
Email:  rdehney@morrisnichols.com
      mharvey@morrisnichols.com
      mtalmo@morrisnichols.com
      sjones@morrisnichols.com
      ewilliamson@morrisnichols.com

*Proposed Counsel to the Debtors and
Debtors in Possession*