## EXHIBIT A

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUMIO HOLDINGS, INC., *et al.*,[1] | Case No. 24-11916 (___) |
| Debtors. | (Jointly Administered) |

**INTERIM ORDER (I)(A) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO CONTINUE THEIR INSURANCE PROGRAMS, (B) PAY ALL PREPETITION AND POSTPETITION OBLIGATIONS WITH RESPECT THERETO, (C) CONTINUE TO PAY BROKERAGE FEES, AND (D) RENEW, SUPPLEMENT, MODIFY, OR PURCHASE INSURANCE COVERAGE, AND PAY PREMIUMS THEREUNDER, AND (II) GRANTING RELATED RELIEF**

Upon the *Motion of the Debtors for Entry of Interim and Final Orders (I)(A) Authorizing, but Not Directing, the Debtors to Continue Their Insurance Program, (B) Pay All Prepetition and Postpetition Obligations With Respect Thereto, (C) Continue to Pay Brokerage Fees, and (D) Renew, Supplement, Modify, or Purchase Insurance Coverage, and (II) Granting Related Relief* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"): (a) authorizing, but not directing, the Debtors to (i) continue their insurance program, (ii) pay all prepetition and postpetition obligations with respect thereto, (iii) continue to pay certain brokerage fees, (iv) renew, supplement, modify, or purchase insurance coverage in the ordinary course; and (b) granting related relief; all as further described in the Motion; and upon consideration of the First Day Declaration; and this Court having found that (i) this Court has jurisdiction over the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, are Lumio Holdings, Inc. (7119) and Lumio HX, Inc. (7401). The Debtors' headquarters is located at 1550 W Digital Drive, Suite 200, Lehi, UT 84043.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Debtors, their estates, property of their estates and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b), (iv) venue of the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) no further or other notice of the Motion is required under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court; and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Interim Order, and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis, as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on **[_____], 2024, at [_____] (ET)**. Any objections or responses to entry of a final order on the Motion (each, an "Objection") shall be filed on or before **4:00 p.m. (ET) on [_____], 2024,** and served on the following parties: (i) proposed counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 Market Street, 16th Floor, Wilmington, Delaware 19801 (Attn: Robert J. Dehney, Sr., Esq. (rdehney@morrisnichols.com), Matthew B. Harvey, Esq. (mharvey@morrisnichols.com), and Matthew O. Talmo, Esq. (mtalmo@morrisnichols.com)); (ii) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King St., Lockbox 35, Wilmington, DE 19801 (Attn: Joe Cudia, Esq. (joseph.cudia@usdoj.gov) and Fang Bu, Esq.

(fang.bu@usdoj.gov)); (iii) counsel to the Debtors' proposed debtor in possession financing lender, (a) Davis Polk & Wardell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Darren S. Klein, Esq. (darren.klein@davispolk.com) and Joanna McDonald, Esq. (joanna.mcdonald@davispolk.com) and (b) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: Amanda R. Steele (steele@rlf.com), Mark D. Collins (collins@rlf.com) and James F. McCauley (mccauley@rlf.com); and (iv) counsel to any statutory committee appointed in these chapter 11 cases. In the event no Objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtors are authorized, but not directed, to maintain the Insurance Program without interruption on the same basis and to the extent consistent with their practices and procedures that were in effect prior to the Petition Date and to modify, renew, and enter into new arrangements consistent therewith, including through obtaining "tail" coverage, in the ordinary course of business.

4. Except as set forth in this Interim Order, without further order of this Court, the Debtors are authorized, but not directed, to honor their Insurance Obligations under the Insurance Program, whether arising prior to or after the Petition Date, and to renew, supplement, or modify the existing Insurance Policies, or enter into new insurance policies, in the ordinary course.

5. Except as set forth in this Interim Order, without further order of this Court, the Debtors are authorized, but not directed, to amend, supplement, change, or enter into new broker retention agreements in connection with the Insurance Programs and to pay any Brokerage

Fees, whether incurred or due and payable before or after the Petition Date, in the ordinary course of business.

6. This Interim Order is without prejudice to the rights of the Debtors and their estates to contest the validity, priority or amounts of any Insurance Obligations on any grounds they deem appropriate, and any rights of the Debtors and their estates with respect to such matters shall be reserved.

7. To the extent that any Insurance Program or any related contract or agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Interim Order nor any payments made in accordance with this Interim Order shall constitute the assumption of any such Insurance Program or any related contract or agreement pursuant to section 365 of the Bankruptcy Code.

8. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights or the rights of any other Person under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

9. Notwithstanding the relief granted in this Interim Order, any payment made or to be made by, or other action taken by, the Debtors pursuant to the authority granted herein shall be subject to and in compliance with each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of an Order (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Term Loan Secured parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing and (V) Granting Related Relief*, filed contemporaneously herewith (collectively, such interim and final orders, the "<u>DIP Orders</u>").  Nothing herein is intended to modify, alter or waive, in any way, any terms, provisions, requirements or restrictions of the DIP Orders. To the extent there is any inconsistency between the terms of the DIP Orders and the terms of this Interim Order or any action taken or proposed to be taken hereunder, the terms of the DIP Orders shall control.

10. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.