# EXHIBIT B

**Proposed Final Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LUMIO HOLDINGS, INC., *et al.*,[1] | Case No. 24-11916 (\_\_\_) |
| Debtors. | (Jointly Administered) |

**FINAL ORDER (I)(A) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO CONTINUE THEIR INSURANCE PROGRAMS, (B) PAY ALL PREPETITION AND POSTPETITION OBLIGATIONS WITH RESPECT THERETO, (C) CONTINUE TO PAY BROKERAGE FEES, AND (D) RENEW, SUPPLEMENT, MODIFY, OR PURCHASE INSURANCE COVERAGE, AND PAY PREMIUMS THEREUNDER, AND (II) GRANTING RELATED RELIEF**

Upon the *Motion of the Debtors for Entry of Interim and Final Orders (I)(A) Authorizing, but Not Directing, the Debtors to Continue Their Insurance Program, (B) Pay All Prepetition and Postpetition Obligations With Respect Thereto, (C) Continue to Pay Brokerage Fees, (D) Renew, Supplement, Modify, or Purchase Insurance Coverage, and (II) Granting Related Relief* (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"): (a) authorizing, but not directing, the Debtors to (i) continue their insurance program, (ii) pay all prepetition and postpetition obligations with respect thereto, (iii) continue to pay certain brokerage fees, and (iv) renew, supplement, modify, or purchase insurance coverage in the ordinary course; and (b) granting related relief; all as further described in the Motion, and upon consideration of the First Day Declaration and the record of these Chapter 11 Cases; and this Court having found that (i) this Court has jurisdiction over the Debtors, their estates, property of their estates and to consider the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, are Lumio Holdings, Inc. (7119) and Lumio HX, Inc. (7401). The Debtors' headquarters is located at 1550 W Digital Drive, Suite 200, Lehi, UT 84043.

Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b), (iv) venue of the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) no further or other notice of the Motion is required under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court, as applicable; and this Court having granted the interim relief requested in the Motion; and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Final Order, and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis, as set forth herein.

2. The Debtors are authorized, but not required, to pay all Insurance Obligations in connection with the Insurance Program, whether arising prior to or after the Petition Date, and those Insurance Obligations that were due and payable in the ordinary course of business as of the Petition Date.

3. Except as set forth in this Final Order, without further order of this Court, the Debtors are authorized, but not directed, after consulting with the DIP Lender, to amend, supplement, change, or enter into new broker retention agreements in connection with the

Insurance Programs and to pay any Broker Fees, whether incurred or due and payable before or after the Petition Date, in the ordinary course of business.

4. The Debtors are authorized, but not directed, to maintain the Insurance Program without interruption on the same basis and to the extent consistent with their practices and procedures that were in effect prior to the Petition Date and to modify, renew, and enter into new arrangements consistent therewith, including through obtaining "tail" coverage, in the ordinary course of business.

5. The Debtors are hereby authorized, but not directed, to pay any undisputed prepetition amounts that are later determined to be due and owing as a result of an audit, including any additional fees and costs imposed as a result of any audit.

6. Except as set forth in this Final Order, without further order of this Court, the Debtors are authorized, but not directed, to honor their Insurance Obligations under the Insurance Program, whether arising prior to or after the Petition Date, and to renew, supplement, or modify the existing Insurance Policies, or enter into new insurance policies, in the ordinary course.

7. This Final Order is without prejudice to the rights of the Debtors and their estates to contest the validity, priority, or amounts of any Insurance Obligations on any grounds they deem appropriate, and any rights of the Debtors and their estates with respect to such matters shall be reserved.

8. To the extent that any Insurance Program or any related contract or agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Final Order nor any payments made in accordance with this Final Order shall

3

constitute the postpetition assumption of any such Insurance Program or any related contract or agreement pursuant to section 365 of the Bankruptcy Code.

9. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order or any payment made pursuant to this Final Order shall constitute, nor it is intended to constitute: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission to the validity, priority, enforceability, or perfection of any lien on, security interest in, or encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

10. Notwithstanding the relief granted in this Final Order, any payment made or to be made by, or other action taken by, the Debtors pursuant to the authority granted herein shall be subject to and in compliance with each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of an Order (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Term Loan Secured parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing and (V) Granting Related Relief, filed contemporaneously herewith* (collectively, such interim and final orders, the "DIP Orders"). Nothing herein is intended to modify, alter or waive,

in any way, any terms, provisions, requirements or restrictions of the DIP Orders. To the extent there is any inconsistency between the terms of the DIP Orders and the terms of this Final Order or any action taken or proposed to be taken hereunder, the terms of the DIP Orders shall control.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.