## **EXHIBIT A**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUMIO HOLDINGS, INC., *et al.*,[1] | Case No. 24-11916 (___) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. ___** |

**INTERIM ORDER (I) AUTHORIZING, BUT
NOT DIRECTING, THE PAYMENT OF CERTAIN PREPETITION
TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing, but Not Directing, the Debtors to Pay Prepetition Taxes and Fees and (II) Granting Related Relief* (the "Motion")[2], filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing, but not directing, the Debtors to pay, in their discretion, certain prepetition taxes and related obligations and (b) authorizing and directing applicable banks and financial institutions to honor and process checks and transfers related to such prepetition taxes and related obligations, all as further described in the Motion; and upon consideration of the First Day Declaration and the record of these Chapter 11 Cases; and this Court having found that (i) this Court has jurisdiction over the Debtors, their estates, property of their estates and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) this Court

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, are Lumio Holdings, Inc. (7119) and Lumio HX, Inc. (7401). The Debtors' headquarters is located at 1550 W Digital Drive, Suite 200, Lehi, UT 84043.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), (iv) venue of this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) no further or other notice of the Motion is required under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court; and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Interim Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on **[_____], 2024, at [_____] (ET).** Any objections or responses to entry of a final order on the Motion (each, an "Objection") shall be filed on or before **4:00 p.m. (ET) on [_____], 2024**, and served on the following parties: (i) proposed counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 Market Street, 16th Floor, Wilmington, Delaware 19801 (Attn: Robert J. Dehney, Sr., Esq. (rdehney@morrisnichols.com), Matthew B. Harvey, Esq. (mharvey@morrisnichols.com), and Matthew O. Talmo, Esq. (mtalmo@morrisnichols.com)); (ii) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King St., Lockbox 35, Wilmington, DE 19801 ((Attn: Joseph Cudia, Esq. (joseph.cudia@usdoj.gov) and Fang Bu, Esq. (fang.bu@usdoj.gov)); (iii) counsel to the Debtors' proposed debtor in possession financing lender, (a) Davis Polk & Wardell LLP, 450 Lexington Avenue, New York, NY 10017, Attn:

Darren S. Klein, Esq. (darren.klein@davispolk.com) and Joanna McDonald, Esq. (joanna.mcdonald@davispolk.com) and (b) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: Amanda R. Steele (steele@rlf.com), Mark D. Collins (collins@rlf.com) and James F. McCauley (mccauley@rlf.com); and (iv) counsel to any statutory committee appointed in these chapter 11 cases. In the event no Objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtors are authorized, but not directed, to pay or remit, in their sole discretion, the Taxes and Fees accrued prior to the Petition Date that will become payable during the pendency of these chapter 11 cases in an amount not to exceed $215,000 at such time when the Taxes and Fees are payable.

4. Nothing in this Interim Order shall be construed as authorizing the Debtors to pay any amounts on account of past-due taxes or to prepay any taxes, except with respect to trust fund taxes that do not constitute property of the Debtors' estates.

5. This Interim Order is without prejudice to the rights of the Debtors and their estates to contest the validity, priority or amounts of any Taxes and Fees, including amounts owing from audits, on any grounds, and any rights of the Debtors and their estates with respect thereto shall be preserved.

6. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to

dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission to the validity, priority, enforceability, or perfection of any lien on, security interest in, or encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

7. Notwithstanding the relief granted in this Interim Order, any payment made or to be made by, or other action taken by, the Debtors pursuant to the authority granted herein shall be subject to and in compliance with each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of an Order (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Term Loan Secured parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing and (V) Granting Related Relief*, filed contemporaneously herewith (collectively, such interim and final orders, the "DIP Orders"). Nothing herein is intended to modify, alter or waive, in any way, any terms, provisions, requirements or restrictions of the DIP Orders. To the extent there is any inconsistency between the terms of the DIP Orders and the terms of this Interim Order or any action taken or proposed to be taken hereunder, the terms of the DIP Orders shall control.

8. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local

Rules are satisfied by such notice.

10. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Interim Order shall be immediately effective and enforceable upon its entry.

11. The Debtors are hereby authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.