# **EXHIBIT B**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUMIO HOLDINGS, INC., *et al.*,[1] | Case No. 24-11916 (___) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. ____** |

**FINAL ORDER (I) AUTHORIZING, BUT NOT DIRECTING, THE PAYMENT
OF CERTAIN PREPETITION TAXES AND FEES AND
<u>(II) GRANTING RELATED RELIEF</u>**

Upon the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to Pay Certain Prepetition Taxes and Fees and (II) Granting Related Relief* (the "<u>Motion</u>")[2] filed by the above-captioned debtors (the "<u>Debtors</u>") for entry of an interim order and final order (this "<u>Final Order</u>"), (a) authorizing, but not directing, the Debtors to pay, in their discretion, certain prepetition taxes and related obligations and (b) authorizing and directing applicable banks and financial institutions to honor and process checks and transfers related to such prepetition taxes and related obligations, all as further described in the Motion; and upon consideration of the First Day Declaration and the record of these Chapter 11 Cases; and this Court having found (i) this Court has jurisdiction over the Debtors, their estates, property of their estates and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) this Court may enter a final order consistent with Article

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, are Lumio Holdings, Inc. (7119) and Lumio HX, Inc. (7401). The Debtors' headquarters is located at 1550 W Digital Drive, Suite 200, Lehi, UT 84043.

III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), (iv) venue of this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) no further or other notice of the Motion is required under the circumstances; this Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion; and this Court having granted the interim relief requested in the Motion [D.I. __]; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted in this Final Order; and any objections to the requested relief having been withdrawn or overruled;; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to pay or remit, in their sole discretion, the Taxes and Fees accrued prior to the Petition Date that will become payable during the pendency of these chapter 11 cases in an amount not to exceed $255,000, absent further order of the Court, at such time when the Taxes and Fees are payable.

3. Nothing in this Final Order shall be construed as authorizing the Debtors to pay any amounts on account of past-due taxes or to prepay any taxes, except with respect to trust fund taxes that do not constitute property of the Debtors' estates.

4. This Final Order is without prejudice to the rights of the Debtors and their estates to contest the validity, priority or amounts of any Taxes and Fees, including amounts owing from audits, on any grounds, and any rights of the Debtors and their estates with respect thereto shall be preserved.

5.  Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights or the rights of any other Person under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

6.  Notwithstanding the relief granted in this Final Order, any payment made or to be made by, or other action taken by, the Debtors pursuant to the authority granted herein shall be subject to and in compliance with each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of an Order (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Term Loan Secured parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing and (V) Granting Related Relief*, filed contemporaneously herewith (collectively, such interim and final orders, the "DIP Orders"). Nothing herein is intended to modify, alter or waive, in any way, any terms, provisions, requirements or restrictions of the DIP Orders. To the extent there is any inconsistency between the terms of the DIP Orders and the terms of this Final Order or any action taken or proposed to be taken hereunder, the terms of the DIP Orders shall control.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.