**EXHIBIT B**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUMIO HOLDINGS, INC., *et al.*,[1] | Case No. 24-11916 (___) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. __** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO MAINTAIN THEIR CUSTOMER PROGRAMS AND HONOR CUSTOMER OBLIGATIONS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] filed by the Debtors for entry of an order (this "Final Order") (a) authorizing the Debtors, in their sole discretion, to (i) maintain and administer the Customer Programs and honor all Customer Obligations in the ordinary course of business and in a manner consistent with past practice and (ii) renew, replace, implement, modify or terminate Customer Programs as the Debtors deem appropriate in their business judgment, in the ordinary course of business and consistent with past practice, without further order of the Court, (b) authorizing applicable banks and other financial institutions to honor and process related checks and transfers and (c) granting certain related relief, including scheduling the Final Hearing; and this Court having entered the *Interim Order (I) Authorizing the Debtors to Maintain Their Customer Programs and Honor Customer Obligations, and (II) Granting Related Relief* (D.I. ●); and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, are Lumio Holdings, Inc. (7119) and Lumio HX, Inc. (7401). The Debtors' headquarters is located at 1550 W Digital Drive, Suite 200, Lehi, UT 84043.

[2] All capitalized terms used and not defined herein shall have the meanings given to them in the Motion.

and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, in their sole discretion, to maintain, continue, renew, replace, implement, modify or terminate, in the ordinary course of business and consistent with past practice, the Customer Programs as needed, without obtaining any further order of the Court.

3. The Debtors are authorized, in their sole discretion, to satisfy the Customer Obligations, as they come due in the ordinary course of business.

4. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Final Order.

5. Nothing in this Final Order (a) is intended or shall be deemed to constitute Debtors' approval, assumption, adoption or rejection of any agreement, contract, lease, program or policy between the Debtors and any third party of any agreement pursuant to section 365 of the Bankruptcy Code or Debtors' admission as to the validity of any claim against the Debtors and their estates, (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates, or (c) shall be construed as the Debtors' promise to pay a claim.

6. Notwithstanding the relief granted in this Final Order, any payment made or to be made by, or other action taken by, the Debtors pursuant to the authority granted herein shall be subject to and in compliance with each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Post-petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Term Loan Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing and (VI) Granting Related Relief,* filed contemporaneously herewith (collectively, such interim and final orders, the "DIP Orders"). Nothing herein is intended to modify, alter or waive, in any way, any terms, provisions, requirements or restrictions of the DIP Orders. To the extent there is any inconsistency between the terms of the DIP Orders and the terms of this Final Order or any action taken or proposed to be taken hereunder, the terms of the DIP Orders shall control.

7. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

8. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

4

9. This Final Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

10. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Final Order.