**EXHIBIT B**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUMIO HOLDINGS, INC., *et al.*,[1] | Case No. 24-11916 (___) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. __** |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE TO OPERATE THEIR EXISTING CASH MANAGEMENT SYSTEM, (B) PAY OR HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN THEIR BANK ACCOUNTS AND EXISTING BUSINESS FORMS, AND (D) IMPLEMENT CHANGES TO THE EXISTING CASH MANAGEMENT SYSTEM AS NECESSARY AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] filed by the Debtors for entry of a final order (this "Final Order") (a) authorizing the Debtors, in their sole discretion, to (i) continue to operate the Cash Management System, (ii) pay or honor Prepetition Bank Fees and (iii) maintain existing Bank Accounts and existing Business Forms, and (iv) granting certain related relief, including scheduling the Final Hearing; and this Court having entered the *Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Pay or Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Their Bank Accounts and Existing Business Forms, and (D) Implement Changes to the Existing Cash Management System as Necessary and (II) Granting Related Relief* (D.I. ●); and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, are Lumio Holdings, Inc. (7119) and Lumio HX, Inc. (7401). The Debtors' headquarters is located at 1550 Digital Drive, Suite 200, Lehi, UT 84043.

[2] All capitalized terms used and not defined herein shall have the meanings given to them in the Motion.

United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, on a final basis and in their sole discretion, to continue operating their Cash Management System.

3. The Debtors are further authorized on a final basis and in their sole discretion, to: (a) continue to use, with the same account numbers, the Bank Accounts, including those identified on **Exhibit C** and **Exhibit D** attached to the Motion; (b) continue to maintain, service and administer the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession and continue to use such accounts in the same manner with the same account numbers, styles and document forms as those employed prior to the Petition Date and provide related treasury, accounting and cash management services without interruption and in the ordinary

course; (c) receive, process, honor and pay, to the extent of available funds, any and all checks, drafts, wires, ACH transfers, credit card payments, other electronic transfers or other items presented, issued or drawn on the Bank Accounts; (d) pay the Prepetition Bank Fees, in addition to any other Bank Fees for prepetition transactions that are charged postpetition; (e) pay any ordinary course Bank Fees incurred in connection with the Bank Accounts and any related cash management, treasury and accounting services, and to otherwise perform their obligations under any and all documents and agreements governing the Bank Accounts and related cash management, treasury and accounting services, irrespective of whether such fees arose prior to or after the Petition Date; and (f) otherwise perform their obligations under the documents governing the Bank Accounts.

4. The Debtors are authorized to implement any changes to the Cash Management System they may deem necessary and appropriate in their sole discretion, in the ordinary course of business consistent with past practices, including opening any additional bank accounts or closing any Bank Account; *provided* that the Debtors shall give notice of any material change to the Cash Management System to the U.S. Trustee and counsel to any official statutory committee appointed in these Chapter 11 Cases, within 15 days of such change; *provided further* that any new bank account opened by the Debtors shall be maintained with a bank that is an approved depository institution in accordance with the U.S. Trustee Guidelines.

5. The Debtors are authorized to continue using their existing Business Forms in their present form, without reference to the Debtors' status as debtors in possession; *provided*, *however*, that once the Debtors exhaust their existing Business Forms, any new Business Forms shall be clearly labeled "Debtors in Possession" and include the case number.

6. Each Bank[3] is authorized to permit the Debtors to continue to use the Cash Management System currently in place, as such Cash Management System is more fully described in the Motion, and manage the Debtors' cash in a manner consistent with the Debtors' prepetition practices. The Banks are hereby authorized to continue to maintain, service and administer all of the Bank Accounts as accounts of the Debtors as debtors in possession without interruption and in the ordinary course of business in a manner consistent with any agreements between the Banks and the Debtors that existed prior to and as of the Petition Date, and to receive, process, honor and pay any and all checks, drafts, wires, ACH transfers, credit card payments, other electronic transfer requests and other items which originated (a) prepetition and were presented prepetition but honored postpetition, (b) prepetition but presented to the Banks for payment on a postpetition basis and (c) postpetition and are presented to the Banks for payment on a postpetition basis; *provided, however*, the Debtors may provide the Banks specific instructions to dishonor or refuse to pay particular prepetition checks, drafts and other items presented for payment against the Bank Accounts, subject to the normal procedures, fees and charges set forth in the account agreements relating to the Bank Accounts, and the Banks shall use commercially reasonable efforts to comply with all such specific instructions.

7. The Banks participating in the Cash Management System shall not be liable to the Debtors, their estates or creditors for honoring or dishonoring a prepetition or postpetition check or other item drawn on any of the Bank Accounts as a result of this Final Order or at the direction of the Debtors. No Bank shall have any liability to any person for a good faith error made despite implementation of reasonable item handling procedures, including, without

---

[3] The term "Bank" as used in this Final Order shall include, in addition to the Bank with which the Debtors already maintain accounts, any other banks with which the Debtors open new accounts pursuant to the terms of this Final Order.

limitation, any inadvertent dishonoring of any payment or other disbursement directed to be made by the Debtors. No Bank shall be responsible for monitoring, or liable to any person for honoring, any payment or other transfer made or directed by the Debtors in contravention of the terms of this Final Order or any other order of the Court.

8. The Debtors shall maintain accurate and detailed records of all transfers and transactions within the Cash Management System such that all postpetition transfers and transactions are adequately and promptly documented in, and readily ascertainable from, and traced and recorded properly on, their books and records.

9. The Banks shall not honor or pay any bank payments drawn on the Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issue stop payment orders in accordance with applicable account agreements.

10. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

11. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Final Order.

12. Nothing in the Motion or this Final Order, nor as a result of any payment made pursuant to this Final Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or a waiver of the right of the Debtors or of any claims or causes of action which may exist against any Bank, or shall impair the ability of

5

the Debtors to contest or seek relief under any section of the Bankruptcy Code in respect of the validity and amount of any payment made pursuant to this Final Order.

13. Notwithstanding the relief granted in this Final Order, any payment made or to be made by, or other action taken by, the Debtors pursuant to the authority granted herein shall be subject to and in compliance with each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Post-petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Term Loan Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing and (VI) Granting Related Relief,* filed contemporaneously herewith (collectively, such interim and final orders, the "DIP Orders"). Nothing herein is intended to modify, alter or waive, in any way, any terms, provisions, requirements or restrictions of the DIP Orders. To the extent there is any inconsistency between the terms of the DIP Orders and the terms of this Final Order or any action taken or proposed to be taken hereunder, the terms of the DIP Orders shall control.

14. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

15. This Final Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

16. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Final Order.

17. As soon as practical after entry of this Final Order, the Debtors shall serve a copy of this Final Order on the Banks.