## **EXHIBIT A**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUMIO HOLDINGS, INC., *et al.*,[1] | Case No. 24-11916 (___) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. ___** |

**INTERIM ORDER (I) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO (A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EMPLOYEE EXPENSES AND (B) MAINTAIN EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Interim Order"), (a) authorizing, but not directing, the Debtors to (i) pay certain prepetition employee wages, salaries, other compensation, reimbursable employee expenses, and (ii) continue employee benefits programs in the ordinary course, including payment of certain prepetition obligations related thereto; and (b) granting related relief, including scheduling the Final Hearing; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, are Lumio Holdings, Inc. (7119) and Lumio HX, Inc. (7401). The Debtors' headquarters is located at 1550 W Digital Drive, Suite 200, Lehi, UT 84043.

[2] Capitalized terms not defined herein are used as defined in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on **[_____], 2024, at [_____] (ET)**. Any objections or responses to entry of a final order on the Motion (each, an "Objection") shall be filed on or before **4:00 p.m. (ET) on [_____], 2024,** and served on the following parties: (i) proposed counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 Market Street, 16th Floor, Wilmington, Delaware 19801 (Attn: Robert J. Dehney, Sr., Esq. (rdehney@morrisnichols.com), Matthew B. Harvey, Esq. (mharvey@morrisnichols.com), and Matthew O. Talmo, Esq. (mtalmo@morrisnichols.com)); (ii) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King St., Lockbox 35, Wilmington, DE 19801 (Attn: Joseph Cudia, Esq. (joseph.cudia@usdoj.gov) and Fang Bu, Esq. (fang.bu@usdoj.gov)); (iii) counsel to the Debtors' proposed debtor in possession financing lender, (a) Davis Polk & Wardell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Darren S. Klein, Esq. (darren.klein@davispolk.com) and Joanne McDonald, Esq. (joanne.mcdonald@davispolk.com) and (b) Richards, Layton & Finger, P.A., 920 N. King Street,

Wilmington, DE 19801, Attn: Amanda R. Steele (steele@rlf.com), Mark D. Collins (collins@rlf.com) and James F. McCauley (mccauley@rlf.com); and (iv) counsel to any statutory committee appointed in these Chapter 11 Cases. In the event no Objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtors are authorized, but not directed, in their sole discretion, to continue the Employee Compensation and Benefits and to honor and pay, in the ordinary course and in accordance with the Debtors' prepetition policies and prepetition practices, any obligations on account of the Employee Compensation and Benefits, irrespective of whether such obligations arose prepetition or postpetition, *provided that* payments for Prepetition Employee Obligations shall be limited by sections 507(a)(4) and (a)(5) of the Bankruptcy Code.

4. Notwithstanding anything to the contrary herein, pending entry of the Final Order, the Debtors are authorized, but not directed, in their sole discretion, to pay, remit, or reimburse, as applicable, not more than: (a) $1,000,000 on account of prepetition Employee Compensation; (b) $500,000 on account of prepetition Withholding Obligations; (c) $5,000 on account of prepetition Payroll Processing Fees; (d) $280,000 on account of prepetition Reimbursable Expenses; and (e) $305,000 on account of the prepetition Employee Benefits Programs.

5. Pursuant to section 362(d) of the Bankruptcy Code, Employees are authorized to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum and the Debtors are authorized, but not directed, to continue the Workers' Compensation Program and pay all prepetition amounts relating thereto in

the ordinary course. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program.

6. The Debtors are authorized, but not directed, to forward any unpaid amounts on account of Deductions or Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' prepetition policies and practices.

7. The Debtors are authorized, but not directed, to pay costs and expenses incidental to payment of the Employee Compensation and Benefits obligations, including all administrative and processing costs and payments to outside professionals.

8. Nothing in the Motion or the Interim Order shall be deemed to (i) authorize the payment of any amounts that are subject to section 503(c) of the Bankruptcy Code, or (ii) violate or permit a violation of section 503(c) of the Bankruptcy Code; *provided* that nothing in this Interim Order shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code.

9. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Employee Compensation and Benefits obligations.

10. The Debtors are authorized to reissue payment regarding the Employee Compensation and Benefits and to replace any inadvertently dishonored or rejected payments. Further, the Debtors are authorized to reimburse any bank-related expenses that Employees may incur as a result of any bank's failure to honor a prepetition check.

11. Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority or amount of

any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action; or (iv) shall be construed as a promise to pay a claim.

12. Notwithstanding the relief granted in this Interim Order, any payment made or to be made by, or other action taken by, the Debtors pursuant to the authority granted herein shall be subject to and in compliance with each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Post-petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Term Loan Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing and (VI) Granting Related Relief*, filed contemporaneously herewith (collectively, such interim and final orders, the "DIP Orders"). Nothing herein is intended to modify, alter or waive, in any way, any terms, provisions, requirements or restrictions of the DIP Orders. To the extent there is any inconsistency between the terms of the DIP Orders and the terms of this Interim Order or any action taken or proposed to be taken hereunder, the terms of the DIP Orders shall control.

13. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

14. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

17. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.