# EXHIBIT A

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| LUMIO HOLDINGS, INC., *et al.*,[1] | Case No. 24-11916 (___) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. __** |

**INTERIM ORDER (I) AUTHORIZING PAYMENT OF PREPETITION**
**CLAIMS OF CERTAIN CRITICAL VENDORS AND**
**(II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Interim Order"), (a) authorizing the Debtors, in their sole discretion, to pay prepetition Critical Vendor Claims, (b) authorizing applicable banks and other financial institutions to honor and process related checks and transfers and (c) granting certain related relief, including scheduling the Final Hearing; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, are Lumio Holdings, Inc. (7119) and Lumio HX, Inc. (7401). The Debtors' headquarters is located at 1550 W Digital Drive, Suite 200, Lehi, UT 84043.

[2] Capitalized terms not defined herein are used as defined in the Motion.

Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth herein.

III. The final hearing (the "Final Hearing") on the Motion shall be held on **[_____], 2024, at [_____] (ET).** Any objections or responses to entry of a final order on the Motion (each, an "Objection") shall be filed on or before **4:00 p.m. (ET) on [_____], 2024,** and served on the following parties: (i) proposed counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 Market Street, 16th Floor, Wilmington, Delaware 19801 (Attn: Robert J. Dehney, Sr., Esq. (rdehney@morrisnichols.com), Matthew B. Harvey, Esq. (mharvey@morrisnichols.com), and Matthew O. Talmo, Esq. (mtalmo@morrisnichols.com)); (ii) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King St., Lockbox 35, Wilmington, DE 19801 (Attn: Joseph Cudia, Esq. (joseph.cudia@usdoj.gov) and Fang Bu, Esq. (fang.bu@usdoj.gov)); (iii) counsel to the Debtors' proposed debtor in possession financing lender, (a) Davis Polk & Wardell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Darren S. Klein, Esq. (darren.klein@davispolk.com) and Joanne McDonald, Esq. (joanne.mcdonald@davispolk.com) and (b) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: Amanda R. Steele (steele@rlf.com), Mark D. Collins (collins@rlf.com) and James F. McCauley (mccauley@rlf.com); and (iv) counsel to any statutory

committee appointed in these chapter 11 cases. In the event no Objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

2.  The Debtors are authorized to pay the Critical Vendor Claims, as the Debtors determine to be necessary or appropriate, in an interim aggregate amount not to exceed $685,000 prior to entry of the Final Order.

4.  The Debtors are further authorized, but not directed, to undertake appropriate efforts to enter into Trade Agreements with the Critical Vendors if the Debtors determine that such an agreement is necessary to their postpetition operations, including, without limitation on the following terms:

(a)  The amount of such Critical Vendor's estimated claim, after accounting for any setoffs, other credits and discounts thereto, shall be as mutually determined in good faith by the Critical Vendor and the Debtors (but such amount shall be used only for purposes of the Order and shall not be deemed a claim allowed by the Court, and the rights of all parties in interest to object to such claim shall be fully preserved until further order of the Court);

(b)  The amount of payment toward the Critical Vendor's estimated claim;

(c)  The Critical Vendor's agreement to be bound by the Customary Trade Terms, or such other trade terms as mutually agreed to by the Debtors and such Critical Vendor;

(d)  The Critical Vendor's agreement to provide goods and services to the Debtors based upon Customary Trade Terms, and the Debtors' agreement to pay the Critical Vendor postpetition in accordance with such terms;

(e)  The Critical Vendor's agreement not to file or otherwise assert against the Debtors, their estates or their respective assets or property (real or personal) any lien (a "Lien") (regardless of the statute or other legal authority upon which such Lien is asserted) related in any way to any remaining prepetition amounts allegedly owed to the Critical Vendor by the Debtors arising from goods or services provided to the Debtors prior to the Petition Date, and that,

3

|     |     |     |
| --- | --- | --- |
|     |     | to the extent that the Critical Vendor has previously obtained such a Lien, the Critical Vendor shall immediately take all necessary action to release such Lien; |
|     | (f) | The Critical Vendor's acknowledgement that it has reviewed the terms and provisions of the Order and consents to be bound thereby; |
|     | (g) | The Critical Vendor's agreement that it will not separately assert or otherwise seek payment of any reclamation or Bankruptcy Code section 503(b)(9) claim; and |
|     | (h) | If a Critical Vendor who has received payment toward a Critical Vendor Claim subsequently refuses to supply goods or services to the Debtors on Customary Trade Terms, any payments received by the Critical Vendor on account of its Critical Vendor Claim will be deemed to have been in payment of then outstanding postpetition obligations owed to such Critical Vendor, and that such Critical Vendor shall immediately repay to the Debtors any payments received on account of its Critical Vendor Claim to the extent that the aggregate amount of such payments exceed the postpetition obligations then outstanding, without the right of setoff or reclamation. |

5.  The Debtors shall provide a copy of this Interim Order to each Critical Vendor prior to payment of any amounts on account of a Critical Vendor Claim.

6.  The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Interim Order.

7.  Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in the Motion or this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against the Debtors; (b) a waiver of the Debtors right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion or a finding that any particular claim is an administrative expense or other priority claim; (e) a request or authorization to assume any

prepetition agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the rights of any party in interest under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) are valid, and the rights of all parties-in-interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

8. Notwithstanding the relief granted in this Interim Order, any payment made or to be made by, or other action taken by, the Debtors pursuant to the authority granted herein shall be subject to and in compliance with each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Post-petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Term Loan Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing and (VI) Granting Related Relief*, filed contemporaneously herewith (collectively, such interim and final orders, the "DIP Orders"). Nothing herein is intended to modify, alter or waive, in any way, any terms, provisions, requirements or restrictions of the DIP Orders. To the extent there is any inconsistency between the terms of the DIP Orders and the terms of this Interim Order or any action taken or proposed to be taken hereunder, the terms of the DIP Orders shall control.

9. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

10. The requirements set forth in Bankruptcy Rule 6004(a) are waived.

11. This Interim Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

12. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Interim Order.