# EXHIBIT C

## Proposed Letter

_____, 2024

TO:    **[Critical Vendor/Service Provider]**
       **[Name]**
       **[Address]**

Dear [Critical Vendor/Service Provider]:

      As you are aware, Lumio Holdings, Inc. and certain of its affiliates (together, the "Company") filed voluntary petitions (the "Chapter 11 Cases") for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") on September 3, 2024 (the "Petition Date").  On the Petition Date, in recognition of the importance of its relationship with such vendors and suppliers and its desire that the chapter 11 cases have as little effect on such parties as possible, the Company requested the Bankruptcy Court's approval to pay the prepetition claims of certain critical vendors and suppliers. On [●], 2024, the Bankruptcy Court entered an order (the "Order") authorizing the Company, under certain conditions, to pay the prepetition claims, in accordance with the terms of the Order, of certain trade creditors that agree to the terms set forth below and agree to be bound by the terms of the Order.  A copy of the Order is enclosed for your reference.

      Pursuant to the Order, to receive payment of its prepetition claim, each selected trade creditor must agree to continue to supply goods and/or services to the Company based on "Customary Trade Terms."  In the Order, Customary Trade Terms are defined as the normal and customary trade terms, practices and programs (including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowances, rebates, normal product mix and availability and other applicable terms and programs), which were most favorable to the Company and in effect between such trade creditor and the Company on a historical basis for the period within 180 days before the Petition Date, or such other trade terms as mutually agreed to by the Company and such trade creditor.

      For purposes of administering this trade program, as authorized by the Bankruptcy Court and in accordance with the terms of the Order, the Company and **[Name of Trade Vendor]** agree as follows (the "Agreement"):

    (a)    The estimated balance of the prepetition trade claim (net of any setoffs, credits or discounts) (the "Trade Claim") that the Company will pay to **[Name of Trade Vendor]** is $_____. Your Trade Claim does not constitute a claim allowed by the Bankruptcy Court in the Chapter 11 Cases, and signing this Trade Agreement does not excuse you from any requirement of filing a proof of claim in the Chapter 11 Cases.

    (b)    The Company shall pay $_____ toward the Trade Claim (the "Payment").

    (c)    **[Name of Trade Vendor]** agrees to supply goods/services to the Company in accordance with the Customary Trade Terms, and the Company agrees to pay **[Name of Trade Vendor]** in accordance

with such terms, provided that following the Payment, **[Name of Trade Vendor]** will supply postpetition goods/services to the Company on the longer of (i) net 30 day terms or (ii) such other trade terms most favorable to the Company in place with **[Name of Trade Vendor]** at any point within 180 days before the Petition Date.

For purposes of this paragraph (c), the term "net 30 day terms," as the case may be, shall refer to the number of days from the date that the particular goods/services are received by the Company.

(d)     In consideration for the Payment, you agree not to file or otherwise assert against the Company, its estate or any other person or entity or any of its respective assets or property (real or personal) any lien (a "Lien") or claim for reclamation ("Reclamation Claim") or claim under Bankruptcy Code section 503(b)(9) (a "503(b)(9) Claim"), regardless of the statute or other legal authority upon which such Lien, Reclamation Claim or 503(b)(9) Claim may be asserted, related in any way to any remaining prepetition amounts allegedly owed to you by the Company arising from agreements or other arrangements entered into prior to the Petition Date and, to the extent you have already obtained or otherwise asserted such a Lien, Reclamation Claim or 503(b)(9) Claim, you shall take (at your own expense) whatever actions are necessary to remove such Lien or withdraw such Reclamation Claim or 503(b)(9) Claim unless your participation in the trade payment program authorized by the Order (the "Trade Payment Program") is terminated.

Your execution of this Agreement and return of the same to the Company constitutes an agreement by **[Name of Trade Vendor]** and the Company:

1.     to be bound by the Customary Trade Terms (as modified herein) and, subject to the reservations set forth in the Order, to the amount of the Trade Claim set forth above;

2.     that **[Name of Trade Vendor]** will continue to supply the Company with goods and/or services pursuant to the Customary Trade Terms (as modified herein) and that the Company will pay for such goods and/or services in accordance with the Customary Trade Terms (as modified herein);

3.     that **[Name of Trade Vendor]** has reviewed the terms and provisions of the Order and that it consents to the bound by such terms, except as modified herein;

4.     that **[Name of Trade Vendor]** will not separately seek payment for Reclamation Claims or 503(b)(9) Claims and similar claims outside of the terms of the Order unless its participation in the trade payment program authorized by the Order (the "Trade Payment Program") is terminated;

5.     that if either the Trade Payment Program or your participation therein terminates as provided in the Order, any payments received by you on account of your Trade Claim

2

will be deemed to have been in payment of postpetition obligations owed to you and you will immediately repay to the Company any payments made to you on account of your Trade Claim to the extent that the aggregate amount of such payments exceed the postpetition obligations, without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims, or other defense;

6.        that the Company will agree to pay **[Name of Trade Vendor]** on the longer of (i) net 30 day terms or (ii) such other trade terms most favorable to the Company in place with **[Name of Trade Vendor]** at any point within 180 days before the Petition Date.

7.        that if the Company shall be in default under this Agreement, [**Name of Trade Vendor]** shall have no obligation to supply goods and/or services to the Company on Customary Trade Terms (as modified herein) until the Company cures such default and **[Name of Trade Vendor]** shall have the right to terminate this Agreement upon written notice to the Company detailing the Company's defaults hereunder (which the Company shall have the right to dispute) and the Company's failure to cure such default within five (5) business days of such notice, in which event **[Name of Trade Vendor]** may retain all sums paid to it hereunder on account of its Trade Claim.

The Company and **[Name of Trade Vendor]** also hereby agree that any dispute with respect to this Agreement, the Order and/or **[Name of Trade Vendor]**'s participation in the Trade Payment Program shall be determined by the Bankruptcy Court.

If you have any questions about this Agreement or our Chapter 11 Cases, please do not hesitate to call **[Contact Person]** at (___) ___-____.

Very truly yours,

By:    _____
        Name:**[Name]**
        Title: **[Title]**

Agreed and Accepted by:

**[Name of Trade Vendor]**

By: _____
        Name:**[Name]**
        Title: **[Title]**

Dated: _____, 2024

3