**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUMIO HOLDINGS, INC., *et al.*,[1] | Case No. 24-11916 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 379, 380, 397** |

**REPLY TO UNITED STATES TRUSTEE'S OBJECTION AND IN FURTHER
SUPPORT OF THE DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) APPROVING THE COMBINED DISCLOSURE STATEMENT AND PLAN
ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY;
(II) ESTABLISHING PROCEDURES FOR SOLICITATION AND
TABULATION OF VOTES TO ACCEPT OR REJECT THE COMBINED DISCLOSURE
STATEMENT AND PLAN; (III) APPROVING THE FORM OF BALLOT AND
SOLICITATION PACKAGES; (IV) ESTABLISHING THE VOTING RECORD DATE;
(V) SCHEDULING A COMBINED HEARING FOR FINAL APPROVAL OF THE
ADEQUACY OF DISCLOSURES IN, AND CONFIRMATION OF, THE COMBINED
DISCLOSURE STATEMENT AND PLAN; (VI) APPROVING THE FORM OF
COMBINED HEARING NOTICE, AND (VII) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "Debtors") hereby reply (the "Reply") to the U.S. Trustee's Objection (D.I. 397) (the "Objection") and in further support of the *Debtors' Motion for Entry of an Order (I) Approving the Combined Disclosure Statement and Plan on an Interim Basis for Solicitation Purposes Only; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Combined Disclosure Statement and Plan; (III) Approving the Form of Ballot and Solicitation Packages; (IV) Establishing the Voting Record Date; (V) Scheduling a Combined Hearing for Final Approval of the Adequacy of Disclosures in, and Confirmation of the Combined Disclosure Statement and Plan; (VI) Approving the Form of Combined Hearing Notice, and (VII) Granting Related Relief*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, are Lumio Holdings, Inc. (7119) and Lumio HX, Inc. (7401). The Debtors' headquarters is located at 1550 W Digital Drive, Suite 200, Lehi, UT 84043.

(D.I. 380) (the "<u>Solicitation Procedures Motion</u>").[2] For the reasons set forth below, the Objection should be overruled.

## REPLY

**A.     The Third Party Releases are Permissible Under *Purdue* and the Law of this District**

1.     The Combined Disclosure Statement and Plan is the product of extensive negotiations between the Debtors, White Oak and the Committee following a tumultuous, but successful, sale process, and incorporates the terms of the Revised Settlement Term Sheet attached as Exhibit B to the sale order (D.I. 305). As presented to the Court on the second day of the sale hearing, the sale and the Revised Settlement Term Sheet allowed the Debtors to avoid the conversion of these chapter 11 cases to chapter 7 and put the Debtors on a path to maximize distributions to their stakeholders through the Combined Disclosure Statement and Plan. A critical component of the Revised Settlement Term Sheet that is now incorporated into the Combined Disclosure Statement and Plan is the third party release provisions contained in section 10.7 of the Plan (the "<u>Third Party Releases</u>") to which the U.S. Trustee principally objects in the Objection.

2.     Much of the U.S. Trustee's Objection focuses on the Third Party Releases as they apply to claimholders in the Voting Class. The only Voting Class is Class 3 (Prepetition Secured Term Loan Claims), and the only party entitled to vote as claimholder in Class 3 is White Oak. As White Oak is separately included as a Releasing Party granting the Third Party Releases, the Debtors are revising the Combined Disclosure Statement and Plan and associated documents to remove the Voting Class from the Third Party Releases. As a result, the opt-out mechanism of the Third Party Releases will apply only to those holders of claims and interests in the Non-Voting

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Solicitation Procedures Motion or Combined Disclosure Statement and Plan.

Classes who receive the Opt-Out Election Form and do not timely elect to opt-out. Therefore, the U.S. Trustee's Objection as it relates to the Voting Class is moot.

3. The Third Party Releases as they apply to the Non-Voting Classes are entirely permissible under applicable law. While lengthy, the Objection contains only rehashed arguments that have been rejected by courts in this District. The U.S. Trustee argues that the Third Party Releases are now disallowed by the Supreme Court's recent decision in *Harrington v. Purdue Pharma, L.P.*, 144 S. Ct. 2071 (2024). To reach this conclusion, the U.S. Trustee misinterprets and misapplies *Purdue*, asserting that *Purdue* mandates revisiting what constitutes "consent." Specifically, the U.S. Trustee contends that a Releasing Party's failure to opt out of the Third Party Releases is insufficient to demonstrate consent, instead arguing an affirmative action (*i.e.*, opting in) is required.

4. Contrary to the U.S. Trustee's assertions, the Supreme Court expressly did not opine on consensual third-party releases in *Purdue* and only addressed whether a bankruptcy court may approve a plan of reorganization with a release and injunction that extinguishes claims against non-debtor third parties without the consent of affected claimants, holding that it may not. *Purdue Pharma*, 144 S. Ct. at 2088. The Supreme Court could not have been clearer: "Nothing in what we have said should be construed to call into question consensual third-party releases offered in connection with a bankruptcy reorganization plan." *Id.* at 2087–88. This crucial language is entirely ignored by the U.S. Trustee in the Objection.

5. Thus, by its express terms, *Purdue* did not change the law on consensual third party releases. As this Court is well-aware, Courts in this District permitted third party releases like those contained in the Combined Disclosure Statement and Plan prior to the Supreme Court's decision in *Purdue*, including for parties not entitled to vote on a plan. *See, e.g.*, *In re*

3

*Clovis Oncology, Inc.*, Case No. 22-11292 (JKS) (Bankr. D. Del. June 16, 2023) (D.I. 904); *In re Alpha Latam Mgmt., LLC*, Case No. 21-11109 (JKS) (Bankr. D. Del. Mar. 16, 2022) (D.I. 652); *In re Mallinckrodt plc*, 639 B.R. 837, 879-80 (Bankr. D. Del. 2022); *In re Indianapolis Downs, LLC*, 486 B.R. 286, 304-05 (Bankr. D. Del. 2013). Therefore, post-*Purdue* applicable law continues to permit this Court to approve the Third Party Releases.

6. Courts in this District addressing this very issue have agreed and permitted opt-out releases post-*Purdue*. *See, e.g.*, *In re Number Holdings, Inc.*, Case No. 24-10719 (JKS) (Bankr. D. Del. Dec. 20, 2024) (D.I. 1612); *In re Fisker, Inc.*, Case No. 24-11390 (TMH) (Bankr. D. Del. Oct. 16, 2024) (D.I. 722); *In re Wheel Pros, LLC*, Case No. 24-11939 (JTD) (Bankr. D. Del. Oct. 15, 2024) (D.I. 255); *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del. Oct. 8, 2024) (D.I. 26404); *In re GigaMonster Networks, LLC*, Case No. 23-10051 (JKS) (Bankr. D. Del. Aug. 30, 2024) (D.I. 830). Therefore, the Third Party Releases constitute proper, consensual releases, are warranted under the circumstances, clearly permitted by the applicable law, and should be approved as proposed.

7. Moreover, the Debtors are proposing to provide ample notice of the terms of the Third Party Releases to all holders of claims and interests. The Combined Disclosure Statement and Plan, Combined Hearing Notice, Non-Voting Notice and Non-Voting Opt-Out Form all conspicuously state the terms of the Third-Party Releases in bold font.

**B.    The U.S. Trustee's Other Objections Are Without Merit and Should be Overruled**

8. The other objections raised by the U.S. Trustee are equally unpersuasive and should be overruled. First, like in other recent cases where the U.S. Trustee pursued nearly identical arguments, the U.S. Trustee also argues that the Court should not grant the injunction enforcing the Third-Party Release. Obj., ¶¶ 79-83. As this Court noted in *Gigamonster,* in the

4

event the Third-Party Release is deemed to be valid and consensual, the injunction provision is a form of "belts and suspenders" and merely provides practical support for the release and should be approved. *See In re Gigamonster,* No. 23-10051 (JKS) (Bankr. D. Del. Aug. 27, 2024), Hr'g Tr., Aug. 27, 2024, 38: 13-14; 67:12-15 ("With respect to the injunction, as proposed the injunction provision simply reinforces the third-party release.  So, I will overrule the United States Trustees objection.").  Other recent rulings have reached the same conclusion and approved similar injunction provisions over objections from the U.S. Trustee. *See e.g. In re Wheel Pros, LLC*, Case No. 24-11939 (JTD) (Bankr. D. Del. Oct. 15, 2024) (D.I. 255) (approving injunction preventing actions against "Released Parties" over the objection of the U.S. Trustee); *In re Fisker, Inc.,* Case No. 24-11390 (TMH) (Bankr. D. Del. Oct. 16, 2024) (D.I. 722) (same).

9. Similarly, the U.S. Trustee incorrectly asserts that the injunction provision in section 10.4 of the Combined Disclosure Statement and Plan "operates as a 'back-door' non-consensual third party release."  Obj. ¶ 1. The injunction provision provides, in part, that "[b]y accepting Distributions pursuant to this Plan, each Holder of an Allowed Claim will be deemed to have specifically consented to the Injunctions set forth in this Section." Plan, § 10.4(c). The U.S. Trustee misreads this language and argues that it "enjoins any actions against Released Parties who may also be responsible parties in regards to a claim[ ] without regard to whether the accepting creditor opted out." Obj. ¶ 83. The U.S. Trustee's argument ignores critical language in the injunction provision limiting the injunction to be effective "solely with respect to any Claims, Interests, and Causes of Action that will be or are extinguished or released pursuant to the Plan." Plan, § 10.4(a). If a holder of a claim or interest opts-out of the Third Party Release, then its "Claims, Interests, and Causes of Action" against the Released Parties are not being "extinguished

or released pursuant to the Plan" and the injunction would not apply, regardless of whether the creditor receives a distribution and is deemed to consent to the injunction.

10. Finally, the U.S. Trustee argues that the Combined Disclosure Statement and Plan does not identify all parties who will be the recipients of Third-Party Releases, as the definition of "Released Parties" includes "Related Parties", which in turn is defined to include "current and former affiliates, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, assigns, managed accounts or funds, advisors, employees, agents, attorneys, and other representatives." *See* Obj. ¶ 65; Plan, §1.111. The Combined Disclosure Statement and Plan clearly states that the Related Parties are being released and are granting consensual releases solely in their capacity as such. *See* Plan §§ 1.111, 1.112.

11. The definition of Related Parties is not vague, and Courts in this District have routinely approved third-party releases that apply to persons identified only by categories, such as agents, advisors, consultants, and other professionals. *See Gigamonster*, Hrg. Tr. 66:4–7 ("The scope for the third-party release limits the definition of related persons. The provision [of 'Related Persons,' which includes 'agents . . . attorneys, accountants, investment bankers, investment advisors, investment managers, consultants, representatives, and other professionals, advisors'] is consistent with definitions used in other cases in this district."); *In re Fisker, Inc.*, Case No. 24-11390 (TMH) (Bankr. D. Del. Oct. 16, 2024) (D.I. 722); *In re NVN Liquidation, Inc. (f/k/a NOVAN, INC.)*, Case No. 23-10937 (LSS) (Bankr. D. Del. Jan. 26, 2024) (D.I. 568); *In re Wheel Pros, LLC*, Case No. 24-11939 (JTD) (Bankr. D. Del. Oct. 15, 2024) (D.I. 255).

## RESERVATION OF RIGHTS

12. The Debtors reserve all rights to supplement this Reply and to raise any argument in support of the Combined Disclosure Statement and Plan and Solicitation Procedures Motion at the interim hearing and combined hearing.

## CONCLUSION

13. For the foregoing reasons, the Court should overrule the Objection in its entirety and approve the Combined Disclosure Statement and Plan on an interim basis.

Dated: January 2, 2024
Wilmington, Delaware

Respectfully submitted,

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Matthew O. Talmo*
Robert J. Dehney, Sr. (No. 3578)
Matthew B. Harvey (No. 5186)
Matthew O. Talmo (No. 6333)
Scott D. Jones (No. 6672)
1201 Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: rdehney@morrisnichols.com
       mharvey@morrisnichols.com
       mtalmo@morrisnichols.com
       sjones@morrisnichols.com

*Counsel to the Debtors and Debtors in Possession*